JOHN C. JANNOPOULO, Appellant, v. FRANK R. TATE, Respondent.

St. Louis Court of Appeals, May 4, 1915.

APPELLATE PRACTICE: Conclusiveness of Findings. In an action at law, tried to the court, the finding on the facts will not be disturbed on appeal, if there is any substantial evidence to sustain it.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. C. Hitchcock*, Judge.

AFFIRMED.

*Stewart, Bryan & Williams* for appellant.

*A. & J. F. Lee* and *Robert L. McLaren* for respondent.

ALLEN, J.—This is an action to recover the sum of $3000 alleged to have been paid by plaintiff to defendant, in two installments of $1500 each, in October and November, 1907, and which, it is averred, defendant promised to repay to plaintiff. It is alleged that the money sought to be recovered was paid to the defendant under an agreement between plaintiff and defendant whereby defendant agreed to cause the capital stock of an amusement company, in which he was a stockholder and of which he was president, to be increased from $7000 to $70,000, and to cause to be transferred to plaintiff stock therein of the par value of $20,000; that defendant failed and refused to carry out the terms of this agreement, and failed and refused to repay to plaintiff said sum of $3000 or any part thereof.

The answer is a general denial.

The cause was tried before the court without a jury, resulting in a judgment for the defendant, and the plaintiff appealed.

It appears that in July, 1907, the defendant, who was engaged in the theatrical business, together with others, caused to be incorporated the Bijou Amusement Company with a capital stock of $7000, for the purpose of operating moving picture shows in the city of St. Louis; that two of such places of amusement were opened and were operated for some time at a profit, but that the venture ultimately proved to be a losing one, and in 1911 the company's property was sold under execution.

Plaintiff was engaged in an amusement business, operating what is known as "Delmar Garden" in the

city of St. Louis. He testified that in October, 1907, defendant came to him and requested financial assistance, saying that the Bijou Amusement Company was in debt and its creditors clamoring to be paid; that it was thereupon agreed that plaintiff would pay to defendant $3000, and that defendant would cause the capital stock of the amusement company to be increased from $7000 to $70,000, the increase to be fully paid up in money and property, and would cause stock therein to be issued to plaintiff of the par value of $20,000; that plaintiff paid the $3000 in two checks of $1500 each, payable to the amusement company, and also indorsed certain notes of the company; but that defendant failed to have the capital stock of the company increased, and that plaintiff received nothing for the moneys so paid by him.

It is said that though the amusement company was incorporated for $7000 it was contemplated that $30,000 would be necessary to launch the enterprise, and that defendant and certain others contributed in cash $27,000, plaintiff contributing the remaining $3000. It appears that the stock of the corporation remained in the stockbook, and was never issued in accordance with the articles of incorporation, but that the parties interested were given credit on the books of the company for the various amounts paid in by them. It seems that it was at first intended to increase the capital stock to $30,000, the amount paid in, but that later, and apparently after defendant and others had contributed certain further moneys, it was contemplated that the capital stock would be increased to a larger amount, but that before any steps were taken to do so the company was so far in debt that its counsel advised that its capital stock could not be so increased. In any event nothing further was done and the matter remained in this shape until what remained of the company's property was sold under execution.

Jannopoulo v. Tate.

On behalf of defendant the evidence tended to show that plaintiff requested the defendant to allow him to acquire an interest in the amusement company; that defendant did not make the agreement with plaintiff testified to by the latter, but an altogether different agreement; that defendant had theretofore invested $10,000 in the amusement company, and that the agreement with plaintiff was that if the latter would pay in $3000 (which would make $30,000 in all paid in) and also take an active interest in the management of the business, then after both plaintiff and defendant had received back, out of the profits expected to be realized, the amounts of their respective investments, defendant would divide his interest in the company with plaintiff, so that their interests therein would be equal. And there was evidence tending to show that plaintiff took a somewhat active interest in the management of the company's business.

The issue thus presented was one of fact, as to which the evidence was conflicting. Though plaintiff's evidence is to the contrary, if defendant's version of the transaction with plaintiff be true plaintiff risked his money in the venture as did others, and cannot hold defendant liable for the repayment thereof, though for the considerations mentioned he was to receive from defendant an interest proportionally in excess of the amount of cash contributed by him. The court below, sitting as a jury, found for defendant upon the evidence adduced, no declarations of law having been given or requested. No questions of law are presented, and as an appellate court we are bound by the finding below upon the facts, and cannot disturb the judgment if there is any substantial evidence in the record to sustain it.

The judgment is supported by substantial evidence adduced in favor of defendant, and it must therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.